[Cite as *Breen v. Hochheiser*, 2026-Ohio-2714.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

JAMES P. BREEN, :

    Plaintiff-Appellant, :

                       No. 115504

    v. :

ALAN C. HOCHHEISER, ET AL., :

    Defendants-Appellees. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                AND REMANDED
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-996569

---

***Appearances:***

Sammon Law, LLC, and Colin P. Sammon, *for appellant*.

Janik L.L.P., Steven G. Janik, and Crystal L. Maluchnik,
*for appellees*.

LISA B. FORBES, P.J.:

{¶ 1} James P. Breen ("Breen") appeals following the grant of summary judgment in favor of Alan C. Hochheiser ("Hochheiser") and Maurice Wutscher, LLP ("Maurice Wutscher") (collectively, "Appellees"). After a thorough review of the

facts and the law, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

## I.   Procedural History

{¶ 2}   On October 21, 2020, Breen sued Appellees in the Cuyahoga County Common Pleas Court, in Cuyahoga C.P. No. CV-20-939395 ("the First Case").  He later voluntarily dismissed his complaint, via notice filed on April 27, 2023.[1]

{¶ 3}   On April 26, 2024, Breen refiled his complaint pro se in the case underlying this appeal ("the Refiled Case"), raising eight counts.  Counts 1, 2, 3, 4, 5, and 8 alleged legal malpractice.  Counts 6 and 7 alleged fraud and misuse of escrow funds, respectively, though the allegations in both counts related to Hochheiser's conduct as an attorney, during his representation of Breen.

{¶ 4}   In the Refiled Case, Breen alleged that Hochheiser represented him in several legal matters while working for the law firm Buckley King, LPA ("Buckley King"), which is not a party to this case.  According to Breen, Hochheiser's employment with Buckley King ended in 2017, after which he joined Maurice Wutscher and continued to represent Breen.  Among Breen's legal-malpractice allegations are that, in reliance on advice that Hochheiser gave him while employed by Maurice Wutscher, he did not pursue legal action against Buckley King.

{¶ 5}   The court issued a journal entry on November 7, 2024, establishing a case-management schedule.  The entry provided, in part, "Plaintiff's expert report due 04/07/2025.  Defense expert report is due 05/07/2025." The journal entry also

---

[1] Breen was represented in this matter by counsel who withdrew from the case.

mandated, "Dispositive motion[s] to be filed by 06/07/2025. Responses to dispositive motions to be filed by 07/07/2025."

{¶ 6} On January 29, 2025, newly retained counsel for Breen filed a notice of appearance. That same day, Breen filed a motion to extend all case deadlines by 90 days to allow counsel "time to become familiar with the case and to issue discovery upon the Defendants." The court denied the motion to extend case deadlines on February 3, 2025.

{¶ 7} On May 20, 2025, a notice of substitution of counsel was filed informing the court that Breen had again retained a new attorney.

{¶ 8} Appellees filed a motion for summary judgment on June 9, 2025, attaching portions of Hochheiser's deposition taken July 7, 2020, in *Buckley King v. Breen*, Cuyahoga C.P. No. CV-19-917415; Hochheiser's affidavit, signed August 3, 2020, in that same *Buckley King* matter, which refers to numerous invoices for legal services, none of which were attached; printouts of court dockets for six cases involving Breen as a party; a notice of appeal to the Cuyahoga County Court of Common Pleas in *Breen v. Ohio Real Estate Comm.*, Cuyahoga C.P. No. CV-18-896954; and a letter regarding Hochheiser's representation of, pertinent here, a company referred to as "Fox Capital." The motion noted that complete copies of the excerpted exhibits would be filed separately because they potentially included confidential information.

{¶ 9} In support of their motion for summary judgment, Appellees argued that each count in Breen's complaint in the Refiled Case related to legal malpractice,

that Breen had not supported his legal-malpractice claims with an expert report, as required, and that Breen's claims had been filed outside the applicable limitations and/or repose periods.

{¶ 10} Breen did not file a brief opposing the summary-judgment motion. On June 24, 2025, Breen filed a motion to transfer this case to the commercial docket of the Cuyahoga County Common Pleas Court.

{¶ 11} After the dispositive-motion deadline had passed, Appellees filed notice, on July 10, 2025, that they were supplementing the partial exhibits that had been attached to their motion for summary judgment. Complete copies of these exhibits, including a version of Hochheiser's affidavit to which invoices had been attached and a complete transcript of Hochheiser's deposition, were filed with the court. In light of these exhibits, on July 11, 2025, Breen filed a motion to extend the already-passed July 7, 2025 deadline to file a brief opposing summary judgment, on which the court never ruled. On July 16, 2025, Breen filed a motion to strike the exhibits supporting Appellees' summary-judgment motion.

{¶ 12} On August 1, 2025, the court granted Appellees' motion for summary judgment. That same day, the court issued another journal entry that denied Appellant's motion to strike exhibits from Appellees' motion for summary judgment. The entry also denied Appellant's motion to transfer the case to the commercial docket.

{¶ 13} Breen appealed, raising the following assignments of error:

1. The trial court erred by denying plaintiff's motion to extend deadlines by 90 days.

2. The trial court erred by denying plaintiff's motion to transfer the case to the commercial docket.

3. The trial court erred by denying plaintiff's motion to strike.

4. The trial court erred by granting defendants' motion for summary judgment.

## II. Law and Analysis

{¶ 14} For ease of analysis, we address certain assignments of error out of order.

### A. Assignment of Error No. 1— Denial of Breen's Motion to Extend Deadlines by 90 Days

{¶ 15} Breen asserts, with his first assignment of error, that the trial court erred in denying his motion, filed January 29, 2025, to extend all case deadlines by 90 days. We disagree.

{¶ 16} We review a trial court's denial of a motion for extension of time for an abuse of discretion. *Hecht v. Equity Trust Co.*, 2022-Ohio-198, ¶ 11 (8th Dist.); *accord Adkins v. Women's Welsh Club of Am. Found*, 2021-Ohio-1084, ¶ 11 (8th Dist.), quoting *Johnson v. Univ. Hosp. Case Med. Ctr.*, 2009-Ohio-2119, ¶ 5 (8th Dist.) (A ruling on a motion for extension "'lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion.'"). In reviewing a motion for extension, we "weigh the trial court's interest in controlling its own docket and the public's interest in the prompt and efficient dispatch of justice versus any potential prejudice to the moving party." *Swanson v. Swanson*, 2008-

Ohio-4865, ¶ 12 (8th Dist.), citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} Breen points us to one case, *Lease Ctr. Corp. v. Carter*, 1990 Ohio App. LEXIS 3186 (8th Dist. Aug. 2, 1990), in support of this assignment of error. In *Carter*, this court found that the trial court abused its discretion by denying a motion for continuance, filed with defense counsel's consent, where plaintiff's counsel's mother died three days before trial, requiring plaintiff's counsel to travel out of town. *Id.* at *2. This court reversed, finding that denying the motion for extension of time interfered with counsel's ability to present witnesses and prejudiced plaintiff's ability to try its case upon the merits. *Id.* at *3.

{¶ 18} We make no such findings here. Breen has not demonstrated that denial of his motion deprived him of an opportunity for this case to be decided on its merits or otherwise prejudiced him. Unlike in *Carter*, Breen's motion for extension of time was denied months before this case's trial date and months before other deadlines related to Breen's assignments of error, namely, the deadlines for filing dispositive motions and exchanging expert reports. Breen's reason for requesting an extension — to allow newly retained counsel time to familiarize

himself with this — differs substantially from that in *Carter*, in which a family emergency hindered counsel's preparation for a trial occurring that same week.

{¶ 19} We are also not persuaded by Breen's argument that an extension of time was necessary because he had proceeded pro se before his January 29, 2025 retention of counsel. As an initial matter, we note that "'[p]ro se litigants . . . are held to the same standard as litigants who are represented by counsel." *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690, ¶ 11 (8th Dist.), quoting *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.) Moreover, Breen voluntarily dismissed the First Case, in which he had been represented by counsel. Breen retained new counsel four times while pursuing these claims. Under these circumstances, we do not find that any interest that Breen had in an extension of time outweighed the court's interest in controlling its own docket or the public's interest in the prompt, efficient dispatch of justice.

{¶ 20} We find no abuse of discretion arising from the denial of Breen's January 29, 2025 request for an extension of time. Accordingly, Breen's first assignment of error is overruled.

### B. Assignment of Error No. 2 — Denial of Breen's Motion to Transfer this Case to the Commercial Docket

{¶ 21} With his second assignment of error, Breen asserts that the trial court erred by denying his motion to transfer this case to the commercial docket. We disagree.

{¶ 22} Cuyahoga C.P., Gen. Div., Loc.R. 15.1(A) establishes the Cuyahoga County Common Pleas Court's commercial docket and sets forth rules related to it.

Among them, Loc.R. 15.1(D)(2) states, "A refiled case may not be transferred to the commercial docket unless it was previously on the commercial docket." The First Case, which Breen voluntarily dismissed, was not on the commercial docket, prohibiting transfer to the commercial docket in the Refiled Case.

{¶ 23} Breen argues that Loc.R. 15.1(D)(2) is inconsistent with various rules of superintendence regarding commercial docket cases that take precedence over the local rule.[2] We make no such finding.

{¶ 24} Sup.R. 49.05 and 49.06 enumerate cases that are eligible and are not eligible, respectively, for the commercial docket. These provisions "shall be dispositive in determining whether a case shall be transferred to or removed from the commercial docket pursuant to Sup.R. 49.07(B) through (D)." Sup.R. 49.08(B)(1). Breen argues that, because Loc.R. 15.1(D)(2) imposes an additional parameter on what cases may proceed on the commercial docket — that is, not refiled cases — it contravenes the requirement that Sup.R. 49.05 and 49.06 "shall be dispositive" of certain transfers to the commercial docket.

{¶ 25} Notably, though, Breen's attempt to transfer this case to the commercial docket does not arise under Sup.R. 49.07(B) through (D). Those provisions, respectively, govern transfer requests by an attorney who represents a party *other* than the party that filed the case, sua sponte transfer requests by the

_____

[2] As of July 1, 2026, certain rules of superintendence were renumbered.

court, and removal from the commercial docket of cases that were ineligible. Breen's transfer request falls into none of the above categories.

{¶ 26} Instead, Breen's request relates to Sup.R. 49.07(A), which requires that "the attorney filing the case shall include with the initial pleading a notification that it is a commercial docket case." Breen's attorney in the First Case included no such request with his complaint.[3] Nor did Breen in the Refiled Case.[4]

{¶ 27} We are also not persuaded by Breen's assertion that Loc.R. 15.1(D)(2)'s bar on transferring refiled cases to the commercial docket impermissibly conflicts with Sup.R. 49.06 which, again, lays out cases that are not eligible for the commercial docket. In support of this argument, Breen points out that the latter rule does not enumerate "refiled cases" among exclusions from commercial docket eligibility. Initially, we note that "legal malpractice" is not enumerated in Sup.R. 49.05 among the subjects that are eligible to be heard on the commercial docket, which, applying Breen's logic, would prevent his case from being so transferred.

---

[3] *See State v. Wagner*, 2023-Ohio-1215, ¶ 64 (8th Dist.) ("An appellate court is permitted to take judicial notice of publicly accessible online court dockets.").

[4] Despite Breen's assertion that this county's local rules and the Rules of Superintendence conflict pertaining to commercial docket transfers, Sup.R. 49.07(A)'s mandate that an attorney seek commercial-docket transfer at a case's outset is arguably furthered by Loc.R. 15.1(D)(2)'s prohibition on transferring refiled cases to the commercial docket. Absent Loc.R. 15.1(D)(2), an attorney that desired commercial-docket transfer but failed to request it with the initial pleading, as required, could attain a transfer by dismissing the case after litigation was underway and refiling it with a transfer request added. Breen's request here, for example, was filed more than a year after his refiled complaint.

{¶ 28} Moreover, Sup.R. 49.06 excludes cases based on whether "the gravamen of the case relates to" enumerated subject matters, such as personal injury, workers' compensation, environmental, or criminal. Though not defined in Sup.R. 49.06, the dictionary defines "gravamen" to mean "the material or significant part of a grievance or complaint."[5] We note that the rule of esjusdem generis "limits general terms which follow specific ones to matters similar to those specified." *United States v. Powell*, 423 U.S. 87, 91 (1975). In light of the foregoing, we do not, as Breen urges, find that "refiled cases" are like the matters specified in Sup.R. 49.06 to make up the gravamen of a case that is barred from commercial-docket transfer. That is, "refiled cases" is a term unlike the areas of legal practice enumerated in Sup.R. 49.06. We are aware of no area of law in which a case's status as being refiled is material to a cause of action. Consequently, we do not find that Loc.R. 15.1(D)(2)'s bar on transferring refiled cases to the commercial docket conflicts with Sup.R. 49.06 or the other rules of superintendence invoked by Breen's arguments.

{¶ 29} Given the foregoing, we do not find that the trial court erred in denying Breen's request to transfer this case to the commercial docket. Accordingly, Breen's second assignment of error is overruled.

---

[5] *See Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/gravamen (accessed May 13, 2026) [https://perma.cc/T22R-UC9T]. *See also Francis v. Cleveland Clinic Found.*, 2026-Ohio-829, ¶ 16 (8th Dist.) (A dictionary definition is a reliable source for the plain meaning of a word.).

## C. Assignment of Error No. 4 — Grant of Appellees' Motion for Summary Judgment

{¶ 30} With his fourth assignment of error, Breen asserts that the trial court erred by granting Appellees' motion for summary judgment. Breen argues the documents that Appellees provided to support their summary-judgment motion were unauthenticated and, as such, were not proper Civ.R. 56 evidence. Breen also takes issue with Appellees having submitted partial exhibits, which they supplemented after the dispositive-motion deadline, but before the court ruled on their summary-judgment motion.

{¶ 31} Appellees respond on appeal that all of Breen's claims concerned legal malpractice and that Breen failed to provide an expert report, which was required to advance his claims. Appellees also argue that all of Breen's claims were barred by the applicable statute of limitations and that all claims except for Count 8 were also barred by the applicable statute of repose.

{¶ 32} We find that the trial court properly granted summary judgment on Counts 2, 3, 5, 6, and 7, but erred in doing so with regard to Counts 1, 4, and 8.

{¶ 33} "Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law." *Madaras v. Applebee's Neighborhood Grill & Bar*, 2025-Ohio-169, ¶ 12 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 34} The movant for summary judgment has the "initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment." *Madaras* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.2d 280, 292-293 (1996). "[D]etermining whether issues of disputed fact exist is different from making findings of facts"; when a court does the former, "the evidence . . . c[an] not be weighed, only reviewed . . . ." *Smathers v. Glass*, 2022-Ohio-4595, ¶ 32.

{¶ 35} Regarding the evidence that we may consider when ruling on a motion for summary judgment, this court has stated as follows:

> [T]he materials a party may use to support or oppose a motion for summary judgment are generally limited to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact. Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. *Professional Bank Servs. v. Grossman DT, Inc.*, 2019-Ohio-2230, ¶ 10 (8th Dist.), citing *Dzambasow v. Abakumov*, 2005-Ohio-6719, ¶ 26 (8th Dist.). Submitted documents that have not been sworn, certified or authenticated by affidavit, in accordance with Civ.R. 56(C) and (E), generally have no evidentiary value and need not be considered by the trial court in ruling on a summary judgment motion. *See, e.g., Wolk v. Paino*, 2011-Ohio-1065, ¶ 26 (8th Dist.). Further, "'[w]hile a court, in its discretion, may consider other documents than those specified in Civ.R. 56(C) if there is no objection, there is no requirement that a court do so.'" *Mentch v. Cuyahoga Cty. Pub. Library Bd.*, 2018-Ohio-1398, ¶ 53, quoting *Wolk v. Paino*, 2010-Ohio-1755, ¶ 28 (8th Dist.).

*Gurary v. John Carroll Univ.*, 2024-Ohio-3114, ¶ 35 (8th Dist.).

{¶ 36} "'We review an appeal from summary judgment de novo.'" *Anderson v. Mitchell*, 2014-Ohio-1058, ¶ 4 (8th Dist.), quoting *Grafton*, 77 Ohio St.3d at 105. "'De novo review encompasses an independent examination of the record and law without deference to the underlying decision.'" *Torres v. Concrete Designs, Inc.*,

2019-Ohio-1342, ¶ 48 (8th Dist.), quoting *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 2017-Ohio-1443, ¶ 22 (8th Dist.).

{¶ 37} As an initial matter, we find that each count in Breen's complaint raised a legal-malpractice claim. Counts 1, 2, 3, 4, 5, and 8 are labeled "Malpractice" and address the manner in which legal services were rendered. Moreover, "a cause of action will be subsumed into a malpractice claim if it arises out of 'the manner in which the attorney represented the client.'" *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 2014-Ohio-25, ¶ 37 (8th Dist.), quoting *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App.3d 89, 90 (10th Dist. 1982). Though Counts 6 and 7 in Breen's refiled complaint are labeled, respectively, "Fraud Count" and "IOLTA — Misuse of Escrow Funds," both pertain to the manner in which Hochheiser represented Breen as his attorney. Under Count 6, Breen alleged, "As a result of Defendant Hochheiser's representations, Plaintiff took no action against Buckley King and allowed the one-year statute for legal-malpractice claims against Buckley King to pass." Breen alleged, to support Count 7, that Hochheiser's representation in connection with a loan transaction "was below the standard of care owed by partners in major law firms in Cleveland Ohio to their clients." Given the allegations in Breen's complaint, we find that Counts 6 and 7 raise legal-malpractice claims.

{¶ 38} R.C. 2305.11(A) establishes the limitations period for legal-malpractice claims in Ohio. "[A]n action for legal malpractice against an attorney or a law firm . . . shall be commenced within one year after the cause of action accrued. . . ." R.C. 2305.11(A).

> A legal-malpractice claim accrues . . . upon the later of "a cognizable event whereby the client discovers or should have discovered that his [or her] injury was related to his [or her] attorney's act or non-act and the client is put on notice of a need to pursue his [or her] possible remedies against the attorney," or "when the attorney-client relationship for that particular transaction or undertaking terminates."

*Michael v. Stanard*, 2025-Ohio-741, ¶ 18 (8th Dist.), quoting *Zimmie v. Calfee*, 43 Ohio St.3d 54, 58 (1989). Whether an attorney-client relationship has terminated "turns on the factual question of whether there was an 'affirmative act by either the attorney or the client that signals the end of the relationship.'" (Cleaned up.) *Thomas v. Kramer*, 2011-Ohio-1812, ¶ 18 (8th Dist.), quoting *N. Shore Auto Sales, Inc. v. Weston, Hurd, Fallon, Paisley & Howley, L.L.P.*, 2006-Ohio-456, ¶ 16 (8th Dist.). "The language 'particular transaction or undertaking' . . . avoids a standard based on continuous representation." *Id.*, quoting *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 388 (1988).

{¶ 39} R.C. 2305.117(B)(1) is Ohio's statute of repose for legal-malpractice claims. With exceptions that neither party argues apply, the statute provides:

> No action upon a legal malpractice claim against an attorney or a law firm or legal professional association shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the legal malpractice claim.

### 1. Counts 2, 3, 5, 6, and 7 — Statute of Repose

{¶ 40} Because we find that Appellees demonstrated that Counts 2, 3, 5, 6, and 7 were barred by the statute of repose, we find that the trial court did not err in granting summary judgment on those counts. In Count 2 of his refiled complaint, Breen alleged legal malpractice arising from Hochheiser's representation of him in

Summit C.P. No. CV-2014-10-4701 ("Count 2 Case"). Similarly, Count 3 alleged legal malpractice stemming from Cuyahoga C.P. No. CV-14-834490 ("Count 3 Case"). Appellees attached to their motion for summary judgment printouts of online dockets relating to the Count 2 Case and the Count 3 Case. The printouts include case numbers that match the case numbers that Breen set forth in his allegations to support Counts 2 and 3 of his refiled complaint.

{¶ 41} While the printouts are unauthenticated, we take judicial notice of the corresponding online dockets. *See Wagner,* 2023-Ohio-1215, at ¶ 64 (8th Dist.) (court of appeals may take judicial notice of publicly accessible online court dockets); *see also State ex rel. Maron v. Corrigan*, 2022-Ohio-4406, ¶ 2, fn. 1 (8th Dist.). The online docket for the Count 2 Case includes a judgment entry, dated July 28, 2015, dismissing the case. The online docket for the Count 3 Case includes a journal entry, dated July 9, 2015, noting that Breen had satisfied a judgment against him, resulting in the release of a judgment lien. These dockets do not indicate that any party subsequently attempted to appeal, reopen, or otherwise contest the resolution of either the Count 2 Case or the Count 3 Case.

{¶ 42} We find that Counts 2 and 3 of Breen's refiled complaint filed in 2024, alleging legal malpractice stemming from Hochheiser's representation in these cases that were concluded in 2015, were brought more than four years after the acts or omissions on which they are based. Accordingly, under R.C. 2305.117(B)(1), Counts 2 and 3 are barred by the statute of repose, and the trial court did not err in awarding summary judgment to Appellees on each of these counts.

{¶ 43} In Count 5, Breen alleged that the Ohio Real Estate Commission (the "Commission") revoked his real estate broker's license in 2019, resulting from Hochheiser's professionally negligent representation of him before the Commission. Appellees argue that the acts or omissions on which this claim is based occurred more than four years before Breen raised it in 2024. To support this assertion, Appellees cite to *Breen v. Ohio Real Estate Comm.*, 2019-Ohio-4164 (8th Dist.), in which this court affirmed the Commission's revocation of Breen's license on October 10, 2019. The online docket for that case does not indicate that any party later contested this court's judgment affirming the license revocation. We find that any acts of legal malpractice that may have occurred in Hochheiser's representation of Breen in the above matter occurred more than four years before Breen refiled his complaint in 2024. Appellees are entitled to summary judgment on Count 5, which is barred by the statute of repose.

{¶ 44} In Count 6, Breen claimed legal malpractice arising from Hochheiser's alleged representations regarding excessive fees charged by Buckley King. Breen alleged that Hochheiser left Buckley King and joined Maurice Wutscher in 2017, after which Breen and Hochheiser had discussions about Hochheiser continuing to provide Breen legal representation. According to Breen's refiled complaint, during these discussions, Hochheiser "represented to [him] that Buckley King already did or should write off hours for excessive fees" and did "n[ot] disclos[e] $190,000 of bills [that] were still claimed by Buckley King against" Breen. In reliance on representations that Hochheiser made to him, Breen "took no action

against Buckley King" related to the outstanding fees that he believed were excessive and "allowed the one-year statute for legal-malpractice claims against Buckley King to pass." Buckley King sued Breen to collect approximately $190,000 for legal fees.

{¶ 45} According to Breen's own allegations, the acts or omissions on which Count 6 is based occurred in 2017, more than four years before Breen refiled his complaint in 2024. Although we identify no evidence presented by Appellees related to this count, we, nonetheless, find that this claim is barred on the face of Breen's refiled complaint by the statute of repose. Accordingly, the trial court did not err in granting summary judgment to Appellees on Count 6.

{¶ 46} Similarly, as alleged, Count 7 asserts that an entity, Manchester Realty, closed a transaction to refinance a building and that Hochheiser was the lawyer in charge of the transaction. The transaction closed on October 25, 2016. "Upon closing," amounts from the loan proceeds were paid directly to Buckley King as payment for legal fees. Breen claims these payments were provided for in the loan documents. Breen seeks compensation for Hochheiser's alleged "failure to properly escrow such loan closing funds." Again, on its face, this claim is barred by the four-year statute of repose because the acts or omissions on which it is based occurred in 2016, more than four years before the filing of the refiled complaint. The trial court did not err in awarding summary judgment to Appellees on Count 7.

## 2. Counts 1 and 4: Statute of Repose and Statute of Limitations

{¶ 47} We are persuaded by Breen's argument that the trial court erred in granting Appellees summary judgment on Counts 1 and 4. Count 1 relates to a

"Cohen & Company Matter" involving a dispute over expert witness fees owed by Breen and possibly one of his companies.[6] Hochheiser allegedly did not disclose a conflict of interest, excessively billed, and did not employ the effort and skill required to meet the standard of care. In Count 4, Breen alleged that at some unspecified time, Hochheiser represented him or perhaps a business in which Breen was a principal, in connection with a real-estate transaction, possibly the sale of the IMG Building in Cleveland, during which he allegedly disclosed confidential information harming Breen. Appellees have not demonstrated that these counts were barred by the applicable statutes of limitations and repose.

{¶ 48} According to Appellees, Counts 1 and 4 are barred by the statute of limitations because they concern attorney-client relationships that concluded more than a year before Breen refiled his complaint. Appellees also argue that these counts pertain to acts that Hochheiser undertook more than four years before the refiling of Breen's complaint, meaning they are barred by the statute of repose. However, concerning these counts, Appellees have not shown when Hochheiser and Breen's attorney-client relationships ended or when Hochheiser's allegedly negligent professional conduct occurred.

---

[6] In Count 1, Breen referenced fees charged by Buckley King and Hochheiser in connection with a Cohen & Company matter and alleged that those fees were excessive. While certain allegations appear to be based on Hochheiser's conduct while he was associated with Buckley King, the allegations are disjointed and broad-based. We cannot say that Appellees have demonstrated that Count 1 relates only to matters that occurred during Hochheiser's tenure at Buckley King which, as alleged, concluded in 2017. As noted, we find that a legal-malpractice claim brought in 2024 regarding conduct that occurred prior to 2017, when Hochheiser left Buckley King, would be barred by the statute of repose.

{¶ 49} We are unable to answer these questions using publicly available court dockets that may be associated with the legal matters addressed in Counts 1 and 4. Breen did not include court case numbers in his allegations supporting Counts 1 and 4 of the refiled complaint. No Civ.R. 56 evidence in the record tied the court dockets attached to Appellee's summary-judgment motion to the matters addressed in Counts 1 or 4.[7]

{¶ 50} Appellees also provided, attached to Hochheiser's affidavit, invoices sent to Breen for legal services rendered in connection with eight discrete matters. In his affidavit, Hochheiser testified that the invoices are the last invoices that were sent to Breen in relation to each separate matter. Appellees argue that, as the last invoice in each matter, these invoices identify when Hochheiser's representation of Breen terminated in connection with the matter addressed in each invoice. As noted, Breen had one year from the termination of the attorney-client relationship or a cognizable event, whichever is later, to bring his legal-malpractice claim.

{¶ 51} "To determine when [an attorney-client] relationship terminated, courts look for specific acts by either the attorney or client that indicate a severance of the relationship." *Kalski v. Bartimole*, 2020-Ohio-4137, ¶ 37 (8th Dist.). "'[U]nder Ohio law . . . the attorney-client relationship ends when the lawyer completes the task for which he was hired[.]'" *Bohan v. McDonald*, 2021-Ohio-4131, ¶ 30 (8th Dist.), quoting *Hustler Cincinnati, Inc. v. Cambria*, 625 Fed. Appx. 712,

---

[7] In their motion for summary judgment, Appellees asserted that exhibit Nos. 4, 5 and 6 to Hochheiser's affidavit relate to Count 1 of the refiled complaint. However, no Civ.R. 56 evidence was presented to substantiate that assertion.

715 (6th Cir. 2015). The last invoice may be some evidence of when an attorney-client relationship ended, but it is not necessarily conclusive.[8]

{¶ 52} Significantly, Appellees did not demonstrate that the invoices relate to allegations of malpractice in Breen's refiled complaint. Nothing tied the invoices to the allegations of malpractice asserted in Counts 1 or 4. In his deposition, Hochheiser confirmed that the invoices included internal law firm billing numbers, but not court-assigned case numbers. These law firm billing numbers are absent from Breen's refiled complaint. That is, Appellees have not established when the attorney-client relationships at the heart of Counts 1 and 4 ended.

{¶ 53} Moreover, no evidence in the record establishes when the acts complained about in Counts 1 and 4 occurred, and nothing in the record demonstrates when Breen knew or should have known that his injury was caused by his attorney's actions or failures to act.

{¶ 54} Under these circumstances, we cannot say Appellees demonstrated with undisputed Civ.R. 56 evidence that Breen's legal-malpractice claims asserted in Counts 1 and 4 are barred by the statute of limitations or the statute of repose. As

---

[8] For example, the purported final invoice for a matter between Breen and Cohen & Company (Exhibit A to Hochheiser's affidavit), dated December 13, 2016, does not identify any work done by Hochheiser. The invoice reflects that the last work done on the matter was performed by Justin W. Whelan on November 16, 2016, in a time entry that states, in total, "Review of file for NEOHS leases." Nothing about the time entry indicates a conclusion of Breen and Hochheiser's attorney-client relationship in that matter. Even if the invoice was the last one issued in relation to that matter, nothing indicated that representation did not continue. In fact, exhibit No. 4 to Hochheiser's affidavit is a printout of a docket from January 2017 appearing to show that Whelan acted as Breen's attorney in January 2017.

a result, we sustain assignment of error No. 4 with regard to Counts 1 and 4 of the refiled complaint.

### 3. Count 8: Statute of Limitations

{¶ 55} We also agree with Breen's assertion that summary judgment was improperly granted with regards to Count 8, concerning the "Fox Capital Matter." In Count 8, Breen asserts that Hochheiser represented him in a dispute with Fox Capital and that "[p]rior to and during" that representation, Hochheiser also represented Fox Capital in federal bankruptcy court. Breen also alleged that Hochheiser "did not use the skill, knowledge, care and diligence normally possessed by members of the legal profession in similar communities in his representation" of Breen. Appellees have not demonstrated that this count is barred by the statute of limitations.[9]

{¶ 56} Appellees argue that Breen discovered or should have discovered — more than a year before he filed his complaint in this case — any injury arising from Hochheiser's representation of him in matters involving Fox Capital. Appellees provided an unauthenticated letter sent from Breen to Hochheiser in 2021, alleging that Hochheiser and Maurice Wutscher represented numerous Merchant Cash Advance Companies ("MCAs") in federal bankruptcy court proceedings at the same time Appellees were representing Breen in unspecified "lawsuits and settlements with the MCAs supposedly to help him reduce or eliminate his debt." The letter

---

[9] In their motion for summary judgment and appellate briefing, Appellees do not raise a statute-of-repose defense to Count 8.

includes federal bankruptcy court docket numbers for three cases involving Fox Capital. Breen objected to this letter because it was not authenticated. We agree that the letter is not proper Civ.R. 56 evidence.

{¶ 57} Nothing within the allegations in Count 8 indicates when the alleged misconduct occurred, and Count 8 does not include any case numbers such that we could refer to an online court docket. Even if we were to consider the letter, we cannot say whether Count 8 is barred by the statute of limitations. Breen alleged a conflict of interest, and he alleged that Hochheiser performed below the standard of care through his lack of effort and skill. We cannot say that Appellees have shown that any of the cases discussed in the letter are the legal matters that are the subject of Count 8. The letter provides no indication of when the acts or omissions that are complained about in Count 8 occurred; when Breen knew or should have known that his injury was caused by Hochheiser's failure to perform to the standard of care; or when, if at all, any attorney-client relationship between Appellees and Fox Capital concluded.

{¶ 58} Appellees have, therefore, not demonstrated that Count 8 of Breen's refiled complaint is barred by the statute of limitations.

### 4. Expert Report

{¶ 59} Breen posits that the trial court erred to the extent that its reason for granting summary judgment was that he did not provide an expert report to support

his malpractice claims.[10]  Breen argues that the claims for relief were "so simple and obvious" that expert testimony was not required.  *See Kent's Excavating Servs. v. Leneghan*, 2017-Ohio-1371, ¶ 16-17 (8th Dist.) (Though failure to support a malpractice claim with an expert report is generally fatal to the claim, where a breach of professional duty is "so simple and obvious" that it can be demonstrated without expert testimony, no expert report is required.).  He does not, however, concede that he did not provide an expert report.

{¶ 60} We do not find that Breen's purported failure to provide an expert report to support his legal-malpractice claim entitles Appellees to summary judgment.  From the record before us, we cannot say whether Breen provided Appellees an expert report.  Appellees provided no summary-judgment evidence to support their assertion that he failed to do so.  Nothing in the docket reflects whether Breen did or did not provide an expert report.  Appellees' arguments alone are not sufficient to demonstrate that they are entitled to summary judgment for lack of an expert report.  Rather, to be entitled to summary judgment, Appellees were required to demonstrate with undisputed evidence that they were entitled to judgment as a matter of law.  *See Dresher*, 75 Ohio St.2d at 292-293.

{¶ 61} The court properly granted summary judgment regarding Counts 2, 3, 5, 6, and 7.  As for Counts 1 and 4, Appellees did not demonstrate that they were entitled to judgment as a matter of law regarding their statute-of-limitations and

---

[10] Breen does not concede that the trial court granted Appellees' motion for summary judgment for lack of an expert report, noting that the journal entry awarding summary judgment included no analysis of the evidence before the court.

statute-of-repose defenses. Nor did Appellees demonstrate that they were entitled to summary judgment regarding their statute-of-limitations defense to Count 8. Appellees have also not demonstrated that Breen failed to provide them an expert report. Accordingly, Breen's fourth assignment of error is overruled in part, as to Count 2, 3, 5, 6, and 7, and sustained in part, as to Counts 1, 4, and 8.

### D. Assignment of Error No. 3 — Denial of Breen's Motion to Strike

{¶ 62} With his third assignment of error, Breen asserts that the court erred in denying his motion to strike exhibits supporting Appellees' summary-judgment motion. We disagree. Breen has not demonstrated prejudice resulting from the denial of the motion to strike.

{¶ 63} As Civ.R. 61 states, "[N]o error or defect in any ruling or order . . . is ground . . . for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." The rule further provides, "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See* R.C. 2309.59 ("In every stage of an action, the court shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."). "'Under the concept of harmless error, it is neither prudent nor appropriate for this court to order a trial court to remedy an error that does not affect the outcome of the case; i.e., the appellate court may not reverse the trial court unless a substantive right is affected.'" *Luri v. Republic*

*Servs.*, 2014-Ohio-3817, ¶ 9 (8th Dist.), quoting *Children's Hosp. Med. Ctr. v. S. Lorain Merchs. Assn.*, 2006-Ohio-2407, ¶ 7 (9th Dist.).

{¶ 64} Regarding Counts 1, 4, and 8, even considering the evidence that Breen sought to strike, we did not find that Appellees were entitled to summary judgment. As for Counts 2, 3, 5, 6, and 7, we found that Appellees were entitled to summary judgment based on undisputed facts established in publicly available online court dockets and Breen's own allegations, not the challenged materials provided by Appellees. Consequently, we do not find that admission of such evidence affected the outcome of this case. We overrule Breen's third assignment of error.

{¶ 65} Judgment affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIMOTHY W. CLARY, J., CONCUR